IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEJONATHAN E. COX, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-0123-B (BH) |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Lejonathan E. Cox, TDCJ # 1104964, is a state prisoner who in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

On August 31, 1998, pursuant to a plea agreement, Cox pled guilty to aggravated robbery

with a deadly weapon in cause number F-9843475 in the 195th Judicial District Court of Dallas County, Texas; he was placed on deferred adjudication community supervision for five years and ordered to pay a fine and costs. (Clerk's R. at 73.) Subsequently, the state moved to proceed with adjudication of Cox's guilt, and on March 1, 2002, Cox entered an open plea of true to the allegations in the state's motion; the trial court then adjudicated his guilt and assessed his punishment at thirty years' confinement.[1] (Clerk's R. at 84-85, 88-91.) The Fifth District Court of Appeals of Texas affirmed the trial court's judgment adjudicating guilt, and on February 4, 2004, the Texas Court of Criminal Appeals denied Cox's petition for discretionary review. *Cox v. Texas*, No. 05-02-00506-CR, slip copy (Tex. App.–Dallas July 7, 2003) (not designated for publication); *Cox v. Texas*, PDR No. 1429-03. Cox did not seek writ of certiorari. (Petition at 3.)

On May 22, 2002, Cox filed a state habeas application for writ of habeas corpus challenging his conviction and sentence, which was dismissed on the grounds that his direct appeal remained pending. *Ex parte Cox*, Application No. 54,016-02, at cover. On August 31, 2004, Cox filed a second state habeas application, which was denied on August 17, 2005, without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Cox*, Application No. WR-54,016-03, at cover.[2] Cox filed this petition on January 14, 2006.[3] Quarterman has filed an answer and documentary exhibits, to which Cox filed a reply.

---

[1] On the same date, the trial court also revoked Cox's probation in cause number F-9647511-N for unlawful possession of a firearm. Cox does not challenge that conviction in this action.

[2] "State Habeas R.," referenced herein, refers to the record for Cox's state habeas Application No. WR-54,016,03.

[3] Typically, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Cox indicates that he placed the petition in the prison mailing system on December 17, 2005, however, the envelope in which it was sent indicates a postmark of January 14, 2006. Because Cox does not explain this near month delay, he is not afforded the benefit of the so-called mailbox rule. His petition is deemed filed on January 14, 2006, the date of the postmark.

D. **RULE 5 STATEMENT**

Quarterman believes that Cox has sufficiently exhausted his claims as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 3.)

E. **ISSUES**

Cox raises six multifarious grounds for relief, which are construed as follows:

(1) His guilty plea is void because the trial court violated the provisions of the plea agreement;

(2) His guilty plea is void because the trial court failed to admonish him as to the consequences of his plea;

(3) The state courts improperly rejected his no-evidence claim on state habeas review;

(4) The state courts applied an improper standard of review in determining his ineffective assistance claims on state habeas review;

(5) He was denied his right of allocution, so as to protest the trial court's deadly weapon finding; and

(6) He was denied effective assistance of counsel on appeal. (Petition at 7-8 & attachment).

## III. STATUTE OF LIMITATIONS

Quarterman asserts that Cox's grounds one, two, three, four (in part), and five are time-barred and should be dismissed with prejudice under the federal statute of limitations. (Resp't Answer at 4-6.)

Section 2244(d) of Title 18 imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

3

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

18 U.S.C. § 2244(d)(1)-(2).

To the extent Cox's claims involve alleged facts or events related to his original plea or the original plea proceedings, including the validity and voluntariness of his guilty plea, the sufficiency of the evidence, and ineffective assistance of trial counsel, the federal statute of limitations commenced when the state court's deferred adjudication order became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A); *Caldwell v. Dretke*, 429 F.3d 521, 528-30 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 548 (2006).[4] For purposes of this provision, the trial court's deferred adjudication order became final, and the one-year limitations period began to run, upon expiration of the time that Cox had for filing a timely notice of appeal on September 30, 1998. It expired one year later on September 30, 1999, absent any

---

[4]*Caldwell* is dispositive of Cox's claim in his reply that grounds one through five "did not occur until the vacation of the prior judgment." (Pet'r reply at 5 n.2) Because this Court is bound by *Caldwell,* Cox's argument that this Court should find *Caldwell* unconstitutional as a matter of due process, or it should rely on Seventh Circuit case law to find that *Caldwell* is inapplicable to his case because he was permitted to enter a "new plea" is likewise without merit.

applicable tolling. *Id.*

Cox's state habeas application filed on January 14, 2006, long after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Cox demonstrated a valid reason to justify his failure to timely file a federal habeas corpus petition as to these claims, and the record reveals none. He is therefore not entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Accordingly, Cox's grounds one (except for two claims, discussed *infra*), two, three, and four (except for one claim, discussed *infra*) are time-barred as they relate to the original plea or original plea proceedings.

To the extent Cox's claims involve alleged facts or events related to, or occurring during, the adjudication proceedings, the limitations period commenced when the judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d)(1)(A). For purposes of this provision, the judgment adjudicating guilt became final, and the one-year limitations period began to run, upon expiration of the time that Cox had for seeking certiorari in the United States Supreme Court on May 4, 2004; it closed on May 4, 2005. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Allowing for tolling during the pendency of his state habeas application, from August 31, 2004, through August 17, 2005, Cox's January 14, 2006 federal petition is timely as to claims one (in part), four (in part) and five.

### III. APPLICABLE LAW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as the court did here, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999)*; Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim. App. 1997).

## IV. ASSESSMENT OF PUNISHMENT

In his first ground, Cox claims the trial court's assessment of punishment post-adjudication was unconstitutional because he was punished as the primary actor in the offense instead of an

6

accomplice under the law of parties as agreed in the plea agreement.[5] (2Reporter's R. at 10; Petition at 7; Pet'r Memorandum of Law at 7-11.) Cox admitted to acting as an accomplice in the offense but testified that he did not use or exhibit a firearm. (2Reporter's R. at 9-10.) Any such distinction between accomplices and principals, however, was abolished under state law. Each party to an offense may be charged, convicted, and sentenced within the applicable range of punishment for the offense. TEX. PENAL CODE ANN. § 7.01 (Vernon 2003). The applicable range of incarcerative punishment for aggravated robbery is five to ninety-nine years' confinement or life. The trial court admonished Cox of the range at both the original plea proceeding and at the adjudication proceeding. (2Reporter's R. at 5; 3Reporter's R. at 4-5) His 30-year sentence falls within the applicable statutory range for the offense, of which he had been advised. *See Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987) (holding that wide discretion is accorded a state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, therefore, relief is required only where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law). Thus, his sentence does not implicate a constitutional violation.

Further, there is no support in the record that the trial court violated the terms of the plea agreement of the parties by including an affirmative deadly weapon finding in the judgment adjudicating guilt. The written plea agreement reflects that Cox was pleading guilty to the offense of aggravated robbery with a deadly weapon and was signed by Cox and his counsel. (Clerk's R.

---

[5]Under this ground, Cox also claims his guilty plea is void because the trial court violated the provisions of the plea agreement by sentencing him as the primary actor, under the law of parties, in the robbery and entering an affirmative deadly weapon finding and because the trial court failed to admonish him prior to accepting the plea of guilty. (Petition at 7) Cox appears to confuse his original guilty plea with his plea of true in the adjudication proceedings. The issue of his guilt was determined in the 1998 plea proceedings, including the affirmative finding that Cox used or exhibited a deadly weapon during the offense, and Cox was admonished regarding the effect of such a finding and the full range of punishment applicable to the offense should his deferred adjudication probation be revoked in the future. (2Reporter's R. at 11) Nevertheless, these issues are time-barred.

at 70-71) Cox judicially confessed to committing robbery with a firearm, and the judgment itself contained an express finding in this regard. (Clerk's R. at 70-72) Finally, Cox was admonished by the trial court during the plea proceeding regarding the effect of an affirmative deadly weapon finding, and Cox indicated that he understood the consequences of such a finding. (2Reporter's R. at 11) Solemn declarations in open court carry a strong presumption of verity, and Cox has not overcome them. *See Blackledge v. Allison*, 431 U.S. 63, 74, (1977). Cox presents no proof that it was the intent of the parties to waive the affirmative deadly finding allegation in the indictment or to agree that such a finding would not be included in the trial court's judgment as part of the plea agreement. Nor has he shown he was misled as to the consequences of such a finding. Having reviewed the record, and applied the presumption of regularity of the state court records, nothing suggests the trial court violated the agreement of the parties by entering an affirmative deadly weapon finding upon adjudicating Cox's guilt.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth ground, Cox claims that the state courts applied a contrary to and unreasonable standard in his state habeas action, or misapplied the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), to his ineffective assistance claims because the state courts did not specifically cite to *Strickland*, and instead relied on state case law.[6] He claims he received ineffective assistance during the adjudication proceeding because trial counsel allowed him to be "resentenced by a biased judge who had made a predetermined outcome of his punishment" in the

---

[6]The fact that the state habeas court cited to relevant state law and not specifically to *Strickland* does not, in and of itself, indicate the state courts necessarily applied an incorrect standard. (State Habeas R. at 59.) Of note, the cited state court opinions refer to and apply the *Strickland* two-prong test in addressing ineffective assistance claims.

event of revocation.[7] (Petition at 8; Pet'r Memorandum of Law at 24, 34-36) Specifically, he complains of the following emphasized remark by the trial judge at the conclusion of the original plea proceeding:

> [I]'m handing you a letter that I give to probationers which explains how to avoid having your probation adjudicated or revoked. I suggest that you read it and review it often.
> *I have affixed a red dot to each of the docket sheets in these cases. If I see you back here I will remember you, and you cannot expect any further mercy, compassion, understanding, sympathy, nothing. You understand me?* (2Reporter's R. at 11) (emphasis added).

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. However, it is not necessary to address both prongs of the test if the petitioner makes an insufficient showing on one. *Id.* at 698.

Due process requires a neutral and detached hearing body or officer. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). At the adjudication hearing, the trial judge did not mention the

---

[7]The remainder of Cox's claims under this ground are time-barred because they relate to trial counsel's performance during the original plea proceeding.

9

remark or the "red dot." Instead, the judge discussed the full range of punishment and stated that he did not know what he was going to do until he heard evidence. (3Reporter's R. at 6-23) Cox testified and admitted to violating virtually all of the conditions of his release, failing to report for two to three years, and having a substance abuse problem. Cox's wife also testified and made a plea for leniency on his behalf. At the conclusion of the hearing, the judge sentenced Cox to thirty years' confinement. Under these circumstances, it does not appear the earlier comment by the judge reflected bias. or that the judge did not consider the full range of punishment. *See, e.g., Brumit v. Texas*, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006). According, Cox cannot demonstrate counsel was ineffective under *Strickland*'s first prong by not objecting and moving for recusal. Counsel is not required to make frivolous motions. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

In his sixth ground, Cox claims his appellate counsel was ineffective by filing an *Anders* brief and foregoing the "dead-bang winners" raised in this petition. (Petition, supplemental p.; Pet'r Memorandum of Law at 40-41) An attorney appointed to represent an indigent defendant on appeal may conclude that an appeal would be frivolous and file a motion to withdraw accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744-45. *Anders* set forth a procedure for an appellate counsel to follow in seeking permission to withdraw from the representation when he concludes that an appeal would be frivolous. *Id.*

The proper standard for evaluating a petitioner's claim that appellate counsel was ineffective by filing an *Anders* brief is that enunciated in *Strickland*. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). Where the defendant has received appellate counsel who has complied with a valid state procedure for determining whether the defendant's appeal is frivolous, and the state has not at any time left the defendant without counsel on appeal, there is no reason to presume that the defendant

has been prejudiced. *Id.* Rather, a federal court may presume that the result of the proceedings on appeal was reliable and require a habeas petitioner claiming ineffective assistance of appellate counsel to prove the presumption incorrect in his particular case. *Id.* With a claim that appellate counsel erroneously failed to file a merits brief, a defendant can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found nonfrivolous issues and filed a merits brief raising them. *Id.* Thereafter, he has the burden of demonstrating prejudice–i.e., a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal. *Id.* Cox cannot demonstrate prejudice because he has not identified any meritorious claims upon which he was likely to prevail on appeal, and he is therefore not entitled to relief on this claim. *See Strickland*, 466 U.S. at 697 (holding the performance component need not be addressed first).

## VI. RIGHT TO ALLOCUTION

In claim five, Cox claims the trial court violated his right to allocution by refusing to allow him to protest the deadly weapon finding prior to imposing sentence. (Petition, supplemental pg.; Pet'r Memorandum of Law at 37-39.) While the right to allocution is deeply rooted in our legal tradition, it is neither constitutional nor jurisdictional. *See United States v. Reyna*, 358 F.3d 344, 349 (5th Cir. 2004); *United States v. Magwood*, 358 F.3d 826, 830 (5th Cir. 2006) (denial of right to allocution not a fundamental defect inherently resulting in complete miscarriage of justice). Thus, the denial of allocution cannot support federal habeas relief.

## VII. RECOMMENDATION

Cox's petition for writ of habeas corpus should be **DISMISSED** with prejudice as time-barred, in part, and denied, in part.

SIGNED on this 2nd day of May, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE