IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEJONATHAN E. COX, ID # 1104964, ) | |
|       Petitioner, ) | |
| vs. ) | No. 3:06-CV-0123-B (BH) |
| ) | |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order signed April 27, 2009, before the Court are Petitioner's *Motion for Extension of Time to Submit Transcript Order Form* (doc. 28), received on February 27, 2009, and *Petitioner's Request for Out of Time Appeal* (doc. 29), received on April 27, 2009, for recommendation or determination.

By the first motion, Petitioner seeks an extension of time to submit a transcript order form for purposes of his appeal. However, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal in February of this year, so no transcript is necessary. Further, as set out in a prior order, the District Court has no authority to extend the time for appeal or to reopen the time for appeal. (*See* Order of Jan. 6, 2009, doc. 26.) The Court should therefore deny the motions for extension of time to file a transcript and to extend the time for appeal.

Within his request for an out of time appeal, Petitioner also invokes Fed. R. Civ. P. 60(b)(1) and (3) as basis to obtain relief from the judgment entered in this case. Because he invokes Rule 60(b), the request is construed as a separate motion for relief from judgment. Nevertheless, Rule 60(b) motions are not to be used as a substitute for appeal. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007). Moreover, because the "sole purpose" of Petitioner's Rule 60(b)

motion is to obtain an out of time appeal, it necessarily fails. *See Dunn v. Cockrell*, 302 F.3d 491, 492-93 (5th Cir. 2002). Rule 60(b) provides no basis to circumvent appellate time limitations for a habeas petitioner who failed to timely appeal the denial of his petition and failed to timely seek an extension of the appellate deadline. *See id.* This is true even when the petitioner contends that his untimeliness was due to attorney negligence. *Id.* Based on *Dunn*, the District Court should deny Petitioner's Rule 60(b) motion.

In summary, the Court should **DENY** Petitioner's *Motion for Extension of Time to Submit Transcript Order Form* (doc. 28) and *Petitioner's Request for Out of Time Appeal* (doc. 29).

**SIGNED this 7th day of May, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE